**ORIGINAL**

FILED IN CLERK'S G......
U.S.D.C. At ....

DEC 22 2008

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk
J Brannon

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEBRA THRASHER,                    :
                                   :
        Plaintiff,                 :
                                   :        CIVIL ACTION FILE
                                   :
v.                                 :        NO. **1 08-CV-3870 ODE**
                                   :
PROCOLLECT, INC.,                  :
a Texas corporation,               :
                                   :
        Defendant.                 :
_____:

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1.   This is an action for damages against the Defendant for violations of the

     Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.,

     Federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq., and

     supplemental state law claims.

## SUBJECT MATTER JURISDICTION

2.     Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §

1692k(d), 15 U.S.C. § 1681p, and 28 U.S.C. §§ 1331 and 1337 (federal

question jurisdiction).

3.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to

hear and decide any related State law issues.


## PARTIES AND PERSONAL JURISDICTION

4.     Plaintiff is a resident of this State, District and Division who is authorized

by law to bring this action.

5.     Defendant PROCOLLECT, INC. is a corporation organized under the

laws of the State of Texas.  [Hereinafter said Defendant is referred to as

"PROCOLLECT"]

6.     PROCOLLECT is subject to the jurisdiction and venue of this Court.

7.     PROCOLLECT may be served by personal service upon its registered

agent in the State of Texas, to wit: Gary Lee Hach, 312 W. Northwest

Highway, Suite B, Grapevine, Texas 76051, or wherever said agent may

be found.

8.   Alternatively, Defendant may be served by personal service upon an authorized agent or officer at its principle place of business, to wit: 12170 N. Abrams Rd., Suite 100, Dallas, Texas 75243.

9.   Alternatively, Defendant may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and the laws of the States of Texas or Georgia.

10.   Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTS COMMON TO ALL CAUSES

11.   Defendant uses telephone communications in its business.

12.   Defendant uses the mails in its business.

13.   The principal purpose of Defendant's business is the collection of debts.

14.   Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due to another.

15.   Defendant is a debt collector subject to the provisions of the Federal Fair Debt Collection Practices Act.

16.     PROCOLLECT is a furnisher of credit information subject to the
        provisions of the Fair Credit Reporting Act.

17.     In the course of attempting to collect a debt allegedly due from Plaintiff
        to a business not a party to this litigation, PROCOLLECT acted in a
        manner that violated the Federal Fair Debt Collection Practices Act, the
        Federal Fair Credit Reporting Act, and the Texas Finance Code.

18.     In or around August 2008, Defendant began collection efforts against
        Plaintiff in regards to an alleged lease between Plaintiff and Defendant.

19.     Plaintiff is not a party to the alleged lease and did not sign the alleged
        lease.

20.     Plaintiff is not a guarantor of the alleged lease.

21.     Plaintiff is in no way responsible for any debt pursuant to the alleged
        lease.

22.     In or around August 2008, Defendant attempted to contact Plaintiff by
        telephone communication.

23.     In the August 2008 telephone call, Defendant left a voice message on
        Plaintiff's answering machine.

24.   In the August 2008 telephone message, the caller did not state that the communication was from a debt collector.

25.   In the August 2008 telephone communication, the caller did not state that the communication was an attempt to collect a debt.

26.   PROCOLLECT failed to send a written communication to Plaintiff within five (5) days of the initial telephone communication.

27.   Defendant's actions have also caused Plaintiff to spend resources and time in dealing with the improper collection attempts and improper reporting of the alleged debt.

28.   PROCOLLECT has begun reporting a collection account on Plaintiff's credit reports.

29.   Plaintiff requested a reinvestigation with Equifax (a credit reporting agency), but the information was not deleted or reported accurately.

30.   PROCOLLECT knowingly published false credit information regarding Plaintiff to consumer credit reporting bureaus.

31.   This false credit information was in turn re-published to each requestor of Plaintiff's consumer credit report.

32.    PROCOLLECT acted with knowledge of the falsity of the credit information.

33.    In the alternative, PROCOLLECT should have known about the falsity of the information it caused to be reported against Plaintiff's credit file.

34.    It was PROCOLLECT's intent to create an impairment of Plaintiff's reputation for creditworthiness in an attempt to coerce Plaintiff into paying the alleged debt.

35.    The furnishing of false information by PROCOLLECT was a malicious, willful and deliberate attempt to injure Plaintiff.

36.    As a result of the actions of PROCOLLECT, Plaintiff suffered actual damages.

37.    As a result of the actions of PROCOLLECT, Plaintiff's credit rating and ability to obtain credit have been impaired.

38.    Defendant's communications violate the federal Fair Debt Collection Practices Act.

39.    Defendant's actions violate the Federal Fair Credit Reporting Act.

40.    Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

## COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

41.     The acts of the defendant constitute violations of the Fair Debt Collection

Practices Act.

42.     Defendant's violations of the FDCPA include, but are not limited to, the

following:

43.         The placement of telephone calls without meaningful

disclosure of the caller's identity, in violation of 15 U.S.C. §

1692d(6);

44.         The use of any false, deceptive, or misleading

representations or means in connection with the collection of

any debt, in violation of 15 U.S.C. § 1692e;

45.         Falsely representing the character, amount, or legal status of

a debt, in violation of 15 U.S.C. § 1692e(2)(A);

46.         Communicating or threatening to communicate to any person

credit information which is known or which should be

known to be false, including the failure to communicate that

- 7 -

a disputed debt is disputed, in violation of 15 U.S.C. §
1692e(8);

47.     The failure to disclose in subsequent communications that
the communication is from a debt collector, in violation of
15 U.S.C. § 1692e(11);

48.     The collection of any amount unless such amount is
expressly authorized by the agreement creating the debt or
permitted by law, in violation of 15 U.S.C. § 1692f(1); and

49.     Failure to send the required written notice of the consumer's
statement of rights within five (5) days after the initial
communication, in violation of 15 U.S.C. § 1692g.

50.  As a result of the defendant's actions, the plaintiff is entitled to an award
of statutory and actual damages, as well as an award of costs and attorney
fees.


### COUNT TWO: FAIR CREDIT REPORTING ACT

51.  The acts of PROCOLLECT constitute willful violations of the Fair Credit
Reporting Act, in violation of 15 U.S.C. § 1681n(a).

- 8 -

52.   In the alternative, the acts of PROCOLLECT constitute negligent violations of the Fair Credit Reporting Act, in violation of 15 U.S.C. § 1681o(a).

53.   PROCOLLECT's violations of the Fair Credit Reporting Act include, but are not limited to, the following:

54.   The failure to properly investigate, review and correct false credit information upon notice of dispute as required by 15 U.S.C. § 1681s-2(b).

55.   As a result of said actions, Plaintiff is entitled to an award of actual, statutory, and punitive damages, as well as an award of costs and attorney fees.

## COUNT THREE: TEXAS FINANCE CODE

56.   Defendant's violations of the Texas Finance Code include, but are not limited to, the following:

57.   Failure to state in the recorded telephone communications that each of the communications was an attempt to collect a debt and that any information obtained would be used for

- 9 -

that purpose, in violation of Texas Finance Code, §

392.304(5)(A);

58.     Failure to state in the recorded telephone communications

that the communication was from a debt collector, in

violation of Texas Finance Code, § 392.304(5)(B); and

59.     The use of any false representation or deceptive means to

collect a debt, in violation of the Texas Finance Code, §

392.304(19).

60.     As a result of Defendant's actions, Plaintiff is entitled to an award of

statutory and actual damages, as well as an award of costs and attorney

fees.


WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT

JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF

PLAINTIFF, AS FOLLOWS:

a)      That Plaintiff be awarded statutory, actual and punitive damages;

b)      That Plaintiff be awarded the expenses of litigation including a

reasonable attorney fee;

c)      That the Court declare each and every defense raised by Defendant

to be insufficient; and

d)      That the Court grant such further and additional relief as is just in

the circumstances.

Respectfully Submitted,

THE LAW OFFICE OF KRIS SKAAR, P.C.

by:     _____
        Kris Skaar
        Attorney for Plaintiff
        Georgia Bar No. 649610

P.O. Box 1478 ● Marietta, GA 30061-1478
331 Washington Avenue ● Marietta, GA  30060
voice (770) 427 - 5600 ● fax (770) 427 - 9414
krisskaar@aol.com